1  LANAHAN & REILLEY
   MICHAEL J.M. BROOK  SBN 139595
2  600 BICENTENNIAL WAY STE 300
   SANTA ROSA  CA  95403
3  (707) 524-4200; (FAX) 523-4610
   e-mail mbrook@lanahan.com
4

5  Attorney for Plaintiff

6

7

8                **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM D. BARDIN,                    CASE NO.

12            Plaintiff,                    COMPLAINT FOR:

13    v.                                    1. VIOLATION OF THE TRUTH IN
                                               LENDING ACT (15 U.S.C. § 1601)
14    BANK OF AMERICA , AMERICA             2. VIOLATION OF CALIFORNIA
      HOMEKEY, INC., MORTGAGE                  ROSENTHAL ACT
15    ELECTRONIC REGISTRATION              3. NEGLIGENCE
      SYSTEMS, INC., US FUNDING GROUP,     4. VIOLATION OF REAL ESTATE
16    INC., JOHN MORRIS                        SETTLEMENT PROCEDURES ACT
      and DOES 1-20 inclusive,                 (12 U.S.C. § 2605)
17                                          5. BREACH OF FIDUCIARY DUTY
              Defendants.                   6. FRAUD
18    _____/     7. VIOLATIONS OF CALIFORNIA
                                               BUSINESS & PROFESSIONS CODE §
19                                             17200
                                            8. BREACH OF CONTRACT
20                                          9. BREACH OF IMPLIED COVENANT
                                               OF GOOD FAITH AND FAIR
21                                             DEALING

22                                         **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28
                              1

Plaintiff William D. Bardin, (hereinafter "Plaintiff"), by and through his counsel, for his Complaint against Defendants Bank Of America , America Homekey, Inc., Mortgage Electronic Registration Systems, Inc., U.S. Funding Group, Inc., John Morris (collectively hereinafter "Defendants"), pleads as follows:

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction based on federal question under 28 U.S.C. § 1331 and 1367, 18 U.S.C. § 1964 (c) and 15 U.S.C. § 1640(e).  This is an action asserting violations of Federal Statutes commonly known as TILA, RESPA, and Regulation Z, with additional claims under California State Law.  These claims all arise out of the same controversy and sequence of events.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this judicial district.

3.      This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California and the Eastern District and thus have sufficient contacts.

4.      Jurisdiction of this Court for the pendent State claims is authorized by Federal Rule of Civil Procedure § 18(a).

5.      Defendants, and each of them, regularly engage in business in the State of California and regularly provide loans to residents in the State of California who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6.      Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with Plaintiff.  The residential mortgage concerned the property located at 4525 McDonald Drive, Sacramento, County of Sacramento, State of California.

## PARTIES

7.      Plaintiff lives at the residential property located at 4525 McDonald Drive,

2

1  Sacramento, County of Sacramento, State of California.

2       8.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

3  in this Complaint, Defendants Bank of America , America HomeKey, Inc., Mortgage Electronic

4  Registration Systems, Inc. and U.S. Funding Group, Inc. are diversified financial marketing and

5  services corporations engaged primarily in residential mortgage banking and related businesses.

6       9.    Plaintiff is informed and believes, and thereon alleges that Mortgage Electronic

7  Registration System Inc., ("MERS") is a Delaware corporation engaged in the business of

8  holding title to mortgages.  It does business in California as evidenced by inclusion of its name in

9  the deed of trust.  MERS is not registered to do business in California and its agent for service of

10 process resigned March 25, 2009.  The deed of trust in this case states "The beneficiary of this

11 Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns)

12 and the successors and assigns of MERS.  This security instrument secures to Lender (I)

13 repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the

14 performance of Borrower's covenants and agreements under this Security Instrument and Note.

15 For this purpose, the Borrower irrevocably grants and conveys to Trustee, in trust, with power of

16 sale the following described property.

17      10.   Plaintiff is informed and believes and thereon alleges that MERS conduct with

18 respect to the promissory notes and deeds of trust in this case are governed by "MERS Terms and

19 Conditions" applicable to Defendant Bank which state that:

20          "MERS shall serve as mortgagee of record with respect to all such
            mortgage loans solely as a nominee, in an administrative capacity,
21          for the beneficial owner or owners thereof from time to time.
            MERS shall have no rights whatsoever to any payments made on
22          account of such mortgage loans, to any servicing rights related to
            such mortgage loans, or to any mortgaged properties securing such
23          mortgage loans. MERS agrees not to assert any rights (other than
            rights specified in the Governing Documents) with respect to such
24          mortgage loans or mortgaged properties. References herein to
            "mortgage(s)" and "mortgagee of record" shall include deed(s) of
25          trust and beneficiary under a deed of trust and any other form of
            security instrument under applicable state law."
26

27                                          3

28                                        COMPLAINT

11.     As a result of such conditions, MERS has no beneficial interest or rights to enforce the terms of the promissory note pursuant to the terms of California Commercial Code including but not limited to §§ 1201 subdivision (21), 3301, and 3309 because it is not in possession of the promissory note and has no authority to conduct any non-judicial foreclosure sale.

12.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendants U.S. Funding Group, Inc., loan officer, John Morris sold Plaintiff the mortgage in question in this matter.

13.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendant John Morris was the loan officer who sold Plaintiff the mortgage at issue.  Defendant John Morris held himself out to Plaintiff as a loan officer employed by U.S. Funding Group, Inc. and was acting within the course and scope of that employment when he came into contact with Plaintiff and sold Plaintiff the mortgage at issue in this case.  Though Defendant John Morris held himself out to be loan officer, there is no record of him have ever been licensed by the California Department of Real Estate.

14.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the acts complained of herein.

15.     Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all relevant times herein were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

**FACTUAL BACKGROUND**

16.     This action arises out of a loan and foreclosure related activity to the property of which the Plaintiff is the rightful owner.

17.    Plaintiffs are informed and believe and thereon allege that beginning in 1998, lenders developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times to create a bankruptcy remote transaction, then pooling them into large trusts, securitizing the pool and selling these securities on Wall Street as Mortgage Back Securities, bonds, derivatives and insurances, often for 20 or 30 times the original mortgage.

18.    Plaintiffs are informed and believe and thereon allege that in "selling" these mortgage notes on the secondary market, Defendants failed to follow the simple legal requirements for the transfer of a negotiable instrument and an interest in real property. While lenders could have simply gone to Congress and obtained modifications to existing law that would allow for their envisioned transfers, they did not. Instead the lenders, Defendants included, simply ignored the law, hoping nobody would notice.

19.    Plaintiffs are informed and believe and thereon allege that, in fact, no interest in Plaintiff's mortgage note, deed of trust or property were ever legally transferred to any of the Defendants and the Defendants are, in effect, legal strangers to this transaction.

20.    Further, Plaintiffs are informed and believe and thereon allege that, as this process became more and more profitable, the underwriting requirements were repeatedly reduced to ensure more and more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans, and calculated plan to repeatedly refinance borrowers loans, taking as much equity as possible and artificially driving up housing prices.

21.    Plaintiffs are informed and believe and thereon alleges that lenders regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers trust.

22.    On or about November 22, 2005, Defendant John Morris approached the Plaintiff, telling him that he was the loan officer for U.S. Funding Group, Inc. and solicited him to finance

his residence.

23.     Plaintiff is informed and believes and thereon alleges that Defendant John Morris was not registered with the Department of Real Estate in any capacity.

24.     Defendant John Morris advised the Plaintiff that he could get him the "best deal" and the "best interest rates" available on the market.  Defendant John Morris knew or should have known that these assurances were false and misleading.

25.     Plaintiff's income was overstated.  Plaintiff has an income of $6000.00 per month, the mortgage residential application that was filled out by the loan officer, John Morris, reflects an income of $8,9000.00 a month.

26.     Plaintiff requested and expected a stable mortgage loan.  Plaintiff relied on the loan officer for his expertise and expected what he requested and was promised by Defendant.  Instead, the Defendant overstated Plaintiff's income for beneficial purposes for Defendant and sold Plaintiff an adjustable rate loan with negative amortization giving the Plaintiff a much higher loan balance than expected.  There was no clear benefit for the Plaintiff to refinance.

27.     Defendant John Morris further advised Plaintiff that if the loan ever became unaffordable, he would simply refinance it into an affordable loan, something the Defendant John Morris knew or should have known was false and misleading.  Defendant John Morris knew or should have known that these misrepresentations were designed to induce Plaintiff to accept this loan, to his detriment.

28.     Plaintiff was not given a copy of any of the loan documents prior to closing as required.  At closing Plaintiff was only given a few minutes to sign the documents.  The notary did not explain any of the loan documents, nor was Plaintiff allowed sufficient time to review them.  Plaintiff was simply told to sign and initial the various documents.  Further, Plaintiff did not receive the required copies of a proper notice of cancellation.

29.     The facts surrounding this loan transaction were hidden and continue to be hidden from Plaintiff.

COMPLAINT

30.     On or about January 9, 2006, Plaintiff completed the loan on the property.  The terms of the loan were memorialized in a promissory note which in turn was secured by a Deed of Trust on the property.  The Deed of Trust identified Placer Title Insurance, as trustee and America Homekey, Inc. as Lender.

31.     The Deed of Trust also identified "MERS" (Mortgage Electronic Registration Systems, Inc) as nominee for lender and lenders successors and assigns, and the beneficiary.  Plaintiff is informed and believes and thereon alleges, MERS has no standing in this arena as they are not licensed or chartered to be and/or act as a nominee or beneficiary.  MERS was developed to be a document storage company, not a nominee or beneficiary.   Therefore, the above stated Deed of Trust must fail as there is no standing for MERS to assert a beneficial interest.  Further, Plaintiff is informed and believes and thereon alleges that MERS is not licensed to do business in the State of California or registered with the State of California.

32.     On March 31, 2009, a Qualified Written Request under RESPA was mailed to Defendant, Bank of America which included a demand to rescind the loan under the provisions of TILA.  Defendant Bank of America  has yet to respond to the request.

33.     On information and belief, Plaintiff alleges that Defendants are not "person entitled to enforce" the security interest under the Note and Deed of Trust as defined in California Commercial Code § 3301.  Plaintiff alleges that Defendants sold their home loans to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on them.  Plaintiff alleges that the Defendants do not own the loan that is the subject of this action and are not entitled to enforce the security interest.

34.     On information and belief, Plaintiff alleges that Defendants regularly approved loans to unqualified borrowers, and implemented practices that were certainly questionable.  Further, Plaintiff alleges that Defendant lenders employed brokers and loan officers whom worked on commissions, meaning the more loans they sold, the more money they received.  Plaintiff alleges that Defendant's loan officers received a greater commission or bonus for placing

borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were steered and encouraged into loans with less favorable terms or for loans which the borrowers were not qualified to obtain.

35.    One remarkable feature of this series of events is this: Defendants are attempting to obtained putative legal title to Plaintiff Property without having established that it was ever a "person entitled to enforce" the security interest under the Note and Deed of Trust.  Upon information and belief,  Plaintiff contends that Defendants in fact are not a person entitled to enforce said interest.

36.    Plaintiff entered into a consumer credit transaction (hereafter sometimes referred to as "Loan Transaction") with Defendants in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendants.  Plaintiff entered into one loan as part of the loan transaction, a first trust deed.

37.    Defendants were required to provide Plaintiff certain disclosures pursuant to the TILA. Under TILA and Reg. Z, Defendants were required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the loan.

38.    Plaintiff's loan is subject to the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 "Reg. Z"). TILA grants a consumer a three (3) day right to cancel certain types of real estate loan transactions.  This three (3) day right to cancel applies to Plaintiff's loan with Defendants Pursuant to 15 U.S.C. § 1635(a), the three (3) day cancellation period begins upon the latter of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a).  The "material disclosures" that must be delivered include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. 15 U.S.C. § 1602 (u) . If the required notice of cancellation are not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three (3) years after the date of the loan. 15

COMPLAINT

U.S.C. § 1635(f).  If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

39.    A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a) (2).

40.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

41.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

42.    When the loan was consummated, Plaintiff did not receive the required documents and disclosures, including, but not limited to, the Truth in Lending Disclosure and the required number of copies of the Notice of Right to Cancel containing the date that the rescission period expires.  Plaintiff is entitled to damages for violations that occurred at the time of the consummation of the loan transaction.

43.    On information and belief, Plaintiff alleges in all the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and internet in furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments when they are not entitled to do so.

44.    On information and belief, Plaintiff alleges that Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful and illegal activity.  In pursuing the non-judicial foreclosure, Defendants represented that they have the right

COMPLAINT

1   to payment under the note, payment of which was secured by the deed of trust.  Whereas, in fact,

2   the Defendants were not in possession of the note and they were neither holders of the note nor

3   non-holders of the note entitled to payment, as those terms are used in California commercial code

4   §§ 3301 and 3309, and therefore they were proceeding to foreclose without rights under the law.

5   Further, Defendants added costs and charges to the payoff amount of the note that were not

6   justified or proper under the terms of the note or law.

7                                    **FIRST CAUSE OF ACTION**

8                            **VIOLATION OF TRUTH IN LENDING ACT**

9                                    **15 U.S.C. § 1601 et seq.**

10          **(Against Defendants Bank of America and America HomeKey, Inc.)**

11          45.     Plaintiff incorporates herein each and every allegation set forth above.

12          46.     The loan transaction at issue is a consumer credit transaction subject to the

13   provisions of TILA.

14          47.     Defendants Bank of America and America HomeKey, Inc. are "creditors" as that

15   term is defined by 15 U.S.C. §1602.  The transaction between Plaintiff and these Defendants was

16   a consumer loan transaction wherein the Defendants extended credit to the Plaintiff and such

17   credit was secured by an interest purportedly held by the Defendants in the Property.

18          48.     As a consumer credit transaction, the Defendants were required to provide to

19   Plaintiff  mandatory Truth-in-Lending disclosure statements and notice of the borrower's right to

20   rescind, specifying the date on which the three (3) day rescission period expires.  If the lending

21   institution fails to provide the rescission information, the borrower may rescind the loan within

22   three (3) years after it was consummated. 15 U.S.C. §1635(a) and (f); 12 C.F.R. §226.23(b)(5).  If

23   the borrower timely exercises his right to rescind, the security interest giving rise to the right of

24   rescission becomes void.

25          49.     In the course of the transaction described herein, Defendants violated TILA in

26   numerous ways, including, but not limited to: failing to provide required disclosures prior to

27                                              10

28                              COMPLAINT

consummation of the transaction; failing to make required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

50.     Records from the transaction indicate that Defendants extended credit to Plaintiff without regard to his ability to pay and falsified relevant income and the appraisal to get the loan approved. Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

51.     Because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three (3) years after consummation of the transaction.  Plaintiff hereby gives notice of rescission by and through this Complaint.

52.     Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a).  Plaintiff is also entitled to:  rescission of the loan transaction; an order requiring Defendants to take all actions necessary to terminate any security interest in the Property created under the transaction and a declaration by the Court that the security interest is void; expungement of any foreclosure instruments, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the transaction from any public record; removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the transaction; the return to Plaintiff of any money given by Plaintiff to anyone, including Defendants, in connection with the loan transaction; statutory damages; costs and reasonable attorney's fees; and such other relief as the Court may deem just and proper.

53.     As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which she is entitled to recover.  Moreover,

COMPLAINT

Defendants' misconduct was in conscious disregard of Plaintiff's rights, willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded.

54.     As a result of Defendants' misconduct, the loan was void and unenforceable as of its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note and does hereby demand rescission.

55.     As a result of Defendants' misconduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA ROSENTHAL ACT

**(Against Defendants Bank of America, America HomeKey, Inc., and Mortgage Electronic and Registration Systems, Inc.)**

56.     Plaintiff incorporates herein each and every allegation set forth above.

57.     Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to:  foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

58.     Defendants' actions have caused Plaintiff actual damages, including, but not limited to: severe emotional distress, including, but not limited to, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

59.     As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

COMPLAINT

1  **NEGLIGENCE**

2  **(Against all Defendants)**

3  60.    Plaintiff incorporates herein each and every allegation set forth above.

4  61.    Plaintiff is informed and believes and thereon alleges that Defendants U.S.

5  Funding Group, Inc. and John Morris breached their duty to Plaintiff to perform acts as brokers of

6  loans in such a manner as to not cause Plaintiff harm or use such Defendants' knowledge and skill

7  to direct Plaintiff into a loan for which Plaintiff was not qualified for based upon his income as

8  stated in documents provided by Defendants.

9  62.    Plaintiff is informed and believes and  thereupon alleges that Defendants further

10  breached their duty to Plaintiff by directing them into a loan transaction that they may not have

11  otherwise qualified for by industry standards resulting in excessive fees paid for the loan

12  transaction and payments in excess of Plaintiff's ability to pay.

13  63.    Plaintiff is further informed and believes and thereupon alleges that Defendants

14  Bank of America, America HomeKey, Inc., and Mortgage Electronic Registration Systems, Inc.

15  all breached their duty to Plaintiff by their failure to perform acts in such a manner as to not cause

16  Plaintiff harm.  Plaintiff is informed and believes and thereupon alleges that Defendants failed to

17  maintain the original mortgage note, failed to properly create original documents, and failed to

18  make the required disclosures to the Plaintiff.

19  64.    Further, Plaintiff is informed and believes and thereupon alleges that Defendants

20  took payments to which they were not entitled, charged fees they were not entitled to charge and

21  made or otherwise authorized reporting to various credit bureaus wrongfully.

22  65.    As a result of Defendants' negligence, Plaintiff is entitled to damages according to

23  proof and/or other relief as the court deems just.

24  **FOURTH CAUSE OF ACTION**

25  **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

26  **12 U.S.C. § 2605 et seq.**

27  13

28

**(Against Defendants Bank of America, America HomeKey, Inc., and**

**U.S. Funding Group, Inc.)**

66.     Plaintiff incorporates herein each and every allegation set forth above.

67.     The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

68.     A violation of RESPA is also made unlawful under California state law by Financial Code § 50505, which states: "Any person who violates any provision of [RESPA] or any regulation promulgated thereunder, violates this division [California Residential Mortgage Lending Act]."

69.     Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time.  However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the roles and identities of the various entities that were purportedly handling his loan at any given time, these allegations are made as to all Defendants.

70.     Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements.

71.     Defendants violated RESPA, 12 U.S.C. § 2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request.

72.     Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

73.     As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit.  Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

14

**(Against Defendants John Morris, US Funding Group, Inc., and America HomeKey, Inc. )**

74.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

75.     Defendants were agents for Plaintiff, by express and implied contract and by operation of law.

76.     Plaintiff is informed and believes and thereon alleges that Defendant America HomeKey, Inc. directly ordered, authorized or participated in the loan officer's tortious conduct.

77.     Plaintiff hired U.S. Funding Group, Inc. and loan officer, John Morris as his agents for the purpose of obtaining a loan to finance his home.

78.     Pursuant to their agreement, Plaintiff agreed to pay a commission from the proceeds of his loan.

79.     Defendants, by and through their agents, owed a fiduciary duty to Plaintiff to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of its principal.

80.     As Plaintiff's agent, Defendants owed a duty of loyalty and a duty to deal fairly with him at all times.

81.     Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining a mortgage loan for him that had unfavorable terms and that he could not ultimately afford, by not disclosing the negative consequences of said loan, by securing a secret profit by not properly complying with the Truth In Lending Act, the Real Estate Settlement Procedures Act and by not engaging in an unfair business practice.

82.     Defendants America HomeKey, Inc. by and through its own actions, interfered with the obligations of Defendant loan officer, John Morris by offering incentives to breach the fiduciary duty by creating and participating in a scheme which creates an illusion to consumers that they are being informed of all of the material facts when in fact they are not.

83.     Plaintiff has been damaged as a result of Defendant's breach, and as such is entitled to actual damages.

COMPLAINT

1   The actions of Defendants in conscious disregard of Plaintiff's rights and in deliberately

2   committing a breach of fiduciary duty authorize the imposition of punitive damages, pursuant to

3   the provisions of California Civil Code § 3294 in that they show willful misconduct, malice,

4   fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a

5   conscious indifference to consequences.

6   **SIXTH CAUSE OF ACTION**

7   **FRAUD**

8   **(Against all Defendants)**

9   84.   Plaintiff incorporates herein each and every allegation set forth above.

10   85.   As alleged herein, Defendants, and each of them, have made several

11   representations to Plaintiff with regard to material facts.

12   86.   These representations made by Defendants were false.

13   87.   Defendants knew that these representations were false when made, or these

14   representations were made with reckless disregard for the truth.

15   88.   Defendants intended that Plaintiff rely on these material representations.

16   89.   Plaintiff reasonably relied on said material representations.

17   90.   As a result of Plaintiff's reliance, he was harmed and suffered damages.  Plaintiff's

18   reliance on Defendants' false representations was a substantial factor in causing Plaintiff harm.

19   91.   Defendants are guilty of malice, fraud or oppression, as defined in California Civil

20   Code § 3294, and Defendants' actions were malicious and done willfully, in conscious disregard

21   of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff. As such,

22   Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish

23   Defendants and to deter future misconduct.

24   **SEVENTH CAUSE OF ACTION**

25   **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**

26   **(Against all Defendants)**

27   16

28   COMPLAINT

92.     Plaintiff incorporates herein each and every allegation set forth above.

93.     Plaintiff is informed and believes and thereon alleges that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code § 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein.

94.     As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

95.     Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

96.     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

**EIGHTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against Defendants John Morris, U.S. Funding Group, Inc. and America HomeKey, Inc.)**

97.     Plaintiff incorporates herein each and every allegation set forth above.

98.     Plaintiff fully performed his duties under the contract with Defendants John Morris, U.S. Funding Group, Inc. and America HomeKey, Inc.  However, Defendants breached their agreement with Plaintiff as alleged above by failing to exercise reasonable efforts and due diligence as promised.  Further, Defendants breached their agreement with Plaintiff by committing acts including, but not limited to, intentionally or negligently failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff's review prior to closing and failing to explain the loan documents to Plaintiff.

99.     Plaintiff attempted to perform his duties under the loan contract.  However, after the loan agreement was signed, the Plaintiff payment increased substantially and Defendants

17

1    failed to refinance the mortgage as promised.

2        100.   Defendants breached their agreement to Plaintiff to provide Plaintiff with an

3    affordable loan.  This breach by

4        101.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various

5    damages and injuries according to proof at trial.

6        102.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs

7    of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and

8    proper.

9                              **NINTH CAUSE OF ACTION**

10       **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

11                              **(Against all Defendants)**

12       103.   Plaintiff incorporates herein each and every allegation set forth above.

13       104.   A duty of good faith and fair dealing was implied by law into the contract that is at

14   issue in this action.  Defendants' duties of good faith and fair dealing included, but were not

15   limited to, the following:

16           a.    Defendants had a duty to pay at least as much consideration to Plaintiff's

17                 financial interests as to Defendants' financial interest;

18           b.    Defendants had a duty to comply with all applicable laws in the State of

19                 California.

20           c.    At all times herein relevant, Defendants agreed to act in good faith and deal

21                 fairly with Plaintiff when they entered into the mortgage and accepted

22                 payments from Plaintiff.  Defendants thereby assumed obligations of good

23                 faith and fair dealing toward Plaintiff and thereby agreed to abide by such

24                 obligations.

25       105.   Nevertheless, Defendants breached the implied duty of good faith and fair dealing

26   owed to Plaintiff by, among other things, performing the acts and failures to act herein alleges,

27                                    18

and by failing to perform the duties specifically enumerated herein.  Defendants further breached the duty of good faith and fair dealing, by;

        a.       Failing to put as much consideration to Plaintiff interests as to Defendants interest;

        b.       Initiating foreclosure proceedings on the property despite not having the right to do so and failure to comply with California law;

106.    In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Defendants further acted in bad faith toward Plaintiff by, among other things, failing to comply with all applicable laws, including notice requirements before foreclosure.  Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of similar bad faith conduct toward other borrowers, who have similar problems.

107.    As a proximate result of Defendants' breaches of the covenant of good faith and fair dealing alleges herein, Plaintiff has suffered damages, incurred attorneys' fees and costs to recover the property suffered a loss of reputation and goodwill, suffered emotional distress, and suffered other economic losses and damages in amounts not yet fully ascertained, but within the jurisdiction of this Court.

108.    Defendant pursued said course of conduct intentionally and maliciously and in conscious disregard of the rights of Plaintiff and his economic interests.  Further, Defendants' refusal to follow through on their duty to assist Plaintiff was made with the intent to intimidate, vex and harass Plaintiff, so as to discourage his from pursuing his legal rights under the mortgage. In order to deter such conduct of Defendants in the future and prevent repetition thereof as a practice, by way of punishment and as example, Plaintiff prays that exemplary damages be awarded according to proof at trial pursuant to Civil Code § 3294.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth below.

**DEMAND FOR JURY TRIAL**

Plaintiff William D. Bardin demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment and order against Defendants as follows:

1.      That judgement be entered in his favor and against Defendants, and each of them;

2.      For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3.      For an a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting under in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned or transferred to a third party;

4.      For an order stating that Defendants engaged in unfair business practices;

5.      For damages, disgorgement, and injunctive relief under California's common and statutory law of unfair business practices;

6.      For compensatory and statutory damages, attorneys' fees and costs according to proof at trial;

/ /
/ /
/ /
/ /
/ /
/ /
/ /

7.      For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

8.      For such other and further relief as the Court may deem just and proper.

COMPLAINT

DATED: June 2, 2009

Respectfully submitted

/s/ Michael J. M. Brook
MICHAEL J.M. BROOK
Attorney for Plaintiff  William D. Bardin

COMPLAINT