IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARDIN, ) | |
| ) | |
| Plaintiff, ) | 2:09-cv-01592-GEB-KJM |
| ) | |
| v. ) | ORDER[*] |
| ) | |
| BANK OF AMERICA, AMERICA HOMEKEY, ) | |
| INC., MORTGAGE ELECTRONIC, ) | |
| REGISTRATION SYSTEMS, INC., U.S. ) | |
| FUNDING GROUP, INC. AND JOHN ) | |
| MORRIS, and DOES 1-20 inclusive ) | |
| ) | |
| Defendants. ) | |

On June 8, 2009, Plaintiff William Bardin filed a complaint against Bank of America, America Homekey, Inc., Mortgage Electronic Registration Systems, Inc., U.S. Funding Group, Inc., John Morris and Does 1-20 (Docket No. 1.)  On July 7, 2009, Defendant America Homekey filed an answer to Plaintiff's complaint (Docket No. 9).  On August 6, 2009, Defendants Bank of America and Mortgage Electronic Registration Systems, Inc. filed a Rule 12(b)(6) motion to dismiss and a Rule 12(f) motion to strike portions of Plaintiff's complaint (Docket No. 11.)

---

[*] This matter was determined to be suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

1

1  However, on September 11, 2009, the Plaintiff filed a first amended
2  complaint (Docket No. 14.)
3      Under Rule 15(a), "[a] party may amend its pleading once as a
4  matter of course: before being served with a responsive pleading...."
5  Fed. R. Civ. P. 15(a)(1)(A).  When a responsive pleading has been
6  filed, "a party may amend its pleadings only with the opposing party's
7  written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).
8  Defendant America Homekey Inc.'s filing of an answer therefore
9  terminated the Plaintiff's ability to amend his complaint as a matter
10 of course.  As the Plaintiff did not seek leave of the court or obtain
11 written consent of the Defendants, the first amended complaint is
12 inoperative.
13     However, since it is evident that Plaintiff seeks to amend his
14 complaint, in the interests of judicial economy and efficiency, the
15 Plaintiff is granted leave to amend his original complaint *nunc pro*
16 *tunc* as of the date the first amended complaint was filed.
17 Consequently, the Plaintiff's first amended complaint is now the
18 operative pleading. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474
19 (9th Cir. 1997)(stating that an amended complaint supersedes the
20 original complaint).  Since Defendants' pending motions do not address
21 the operative pleading and the motions are denied as moot.  The
22 Defendants have 10 days from the date of this Order to respond to the
23 Plaintiff's first amended complaint.  See Fed. R. Civ. P. 15(a)(3).
24 Dated:  September 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

2