IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARDIN, ) | |
| ) | |
|     Plaintiff, ) | 2:09-cv-01592-GEB-KJM |
| ) | |
|     v. ) | ORDER DISMISSING PLAINTIFF'S |
| ) | FEDERAL CLAIM AND DECLINING |
| BANK OF AMERICA, AMERICA HOMEKEY, ) | SUPPLEMENTAL JURISDICTION OVER |
| INC., MORTGAGE ELECTRONIC, ) | PLAINTIFF'S STATE CLAIMS* |
| REGISTRATION SYSTEMS, INC., U.S. ) | |
| FUNDING GROUP, INC. AND JOHN ) | |
| MORRIS, and DOES 1-20 inclusive ) | |
| ) | |
|     Defendants. ) | |

On October 1, 2009, Bank of America Corporation ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Countrywide Home Financial Loans, Inc. ("CHL") (collectively, "Defendants") filed a motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), in which they seek dismissal of Plaintiff's first amended complaint. Plaintiff's claims concern a mortgage loan transaction involving property located at 4525 McDonald

---

    * This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  Drive in Sacramento, California.  Plaintiff did not file an opposition
2  to Defendants' motion.

### I. LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

Defendants' dismissal motion is accompanied by a request for judicial notice of certain documents related to Plaintiff's loan transaction. This request is denied since Defendants have not shown the documents need to be considered in the decision of their motion.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on or about January 4, 2006, he obtained a loan from America Homekey, Inc. ("AH") on property located at 4525 McDonald Drive in Sacramento, California. (First Amended Compl. ("FAC") ¶¶ 7, 30.) Plaintiff further alleges the "terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust" on the property. (Id. ¶ 30.) The Deed of Trust identified AH as the lender and MERS as the beneficiary and nominee for the lender and the lender's successors and assigns. (Id.)

Plaintiff alleges defendant John Morris "held himself out . . . as a loan officer" for defendant US Funding Group, Inc. ("UFG"), and defendant Raymond Bowden "was a real estate [b]roker . . . and the [b]roker of record for [d]efendant UFG." (Id. ¶¶ 13-14.) "Defendants UFG, Bowden and Morris" allegedly "sold Plaintiff the mortgage" loan at issue. (Id. ¶ 12.) Plaintiff's claims relate to his allegations that defendants Morris and Bowden channeled him into an allegedly unaffordable loan through misrepresentations and fraudulent conduct. (Id. ¶¶ 12-14, 23-29.) Specifically, Plaintiff

alleges that Morris advised him that he could get Plaintiff "the 'best deal' and the 'best interest rates' available on the market" and that if the loan ever became unaffordable, Plaintiff would be able to refinance. (Id. ¶¶ 24, 27.) Plaintiff also alleges that Morris overstated Plaintiff's income on his loan application. (Id. ¶ 25.)

Plaintiff filed his original complaint in this federal district court on June 8, 2009. On August 6, 2009, defendants BAC and MERS filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6). Plaintiff filed an amended complaint on September 11, 2009, mooting defendants' initial dismissal motion.

### III.  DISCUSSION

#### A.  Plaintiff's Federal Claim

Plaintiff's only remaining federal claim in this case is alleged against Defendant CHL under the Real Estate Settlement Procedures Act ("RESPA").[1] Defendants argue Plaintiff's RESPA claim against CHL is conclusory and fails to allege facts suggesting the manner in which CHL violated RESPA. Further, Defendants argue that Plaintiff's allegations concerning CHL's failure to respond to a purported qualified written request are insufficient to state a viable RESPA claim.

RESPA requires that loan servicers provide a timely written response to a "qualified written request" ("QWR") from a borrower. 12 U.S.C. § 2605(e)(1),(2). Not every communication from a borrower constitutes a QWR. Rather, a QWR is defined as "a written

---

[1] Plaintiff's first amended complaint also alleges a Truth in Lending Act claim against America Homekey, Inc. However, Plaintiff voluntarily dismissed that claim and America Homekey, Inc. from this action. America Homekey Inc.'s motion to dismiss filed on September 28, 2009 is therefore deemed withdrawn.

4

1  correspondence, other than on a payment coupon or other payment medium
2  supplied by the servicer, that -- (i) includes, or otherwise enables
3  the servicer to identify, the name and account of the borrower; and
4  (ii) includes a statement of the reasons for the belief of the
5  borrower, to the extent applicable, that the account is in error or
6  provides sufficient detail to the servicer regarding other information
7  sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).

8  Plaintiff's first amended complaint alleges that "[o]n or
9  about March 31, 2009 and May 11, 2009, a Qualified Written Request
10 under RESPA . . . was mailed to Defendant CHL.  The QWR included a
11 demand to rescind the loan under the TILA provisions.  Defendant CHL
12 has yet to properly respond to this Request."  (FAC ¶ 32.)  Plaintiff
13 alleges CHL violated RESPA by "failing and refusing to provide a
14 proper written explanation or response" to his QWR.  (Id. ¶ 81.)
15 However, Plaintiff alleges that he "is not certain at this time
16 exactly which of Defendants was actually the servicer of [his loan] at
17 any given time."  (Id. ¶ 79.)

18 Plaintiff's allegations that CHL failed to respond to his
19 QWR is conclusory. See Champlaie, 2009 WL 3429622, at *7 (finding the
20 bare allegation that letter constituted a QWR was conclusory).  While
21 Plaintiff characterizes his letter seeking rescission as a "QWR," he
22 has provided no facts to support that legal conclusion.  Plaintiff
23 does not allege that his letter sought information about his loan or
24 that he was attempting to correct an error concerning his account.
25 See 12 U.S.C. § 2605(e)(1)(B)(ii)(stating a QWR letter "includes a
26 statement of the reasons for the belief of the borrower . . . that the
27 account is in error or provides sufficient detail to the servicer
28 regarding other information sought by the borrower").  "[A] letter

5

demanding rescission is simply that, a rescission letter. It does not amount to a QWR invoking the protection of RESPA." Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *5 (E.D. Cal. Jan. 11, 2010). This type of conclusory pleading is insufficient to withstand Defendants' dismissal motion. Further, Plaintiff has not alleged that CHL is a loan servicer to whom the requirements of section 2605(e) apply. If CHL is not Plaintiff's loan servicer, it has no legal duty to respond to Plaintiff's QWR.

Plaintiff also alleges that he "is informed and believes, . . . that these Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605." (Id. ¶ 82.) This allegation, however, is also conclusory and a "naked assertion[] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (quotations omitted). Therefore, Plaintiff's RESPA allegations are factually deficient and cannot survive Defendants' dismissal motion.

**B. Supplemental Jurisdiction Over Plaintiff's State Law Claims**

Plaintiff also alleges seven claims under state law in his first amended complaint: negligence, breach of fiduciary duty, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing and violations of California's Rosenthal Act and Business & Professions Code § 17200 et seq. Plaintiff alleges the federal court has pendent jurisdiction over these claims. (FAC ¶ 1.)

"[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). District courts have discretion to sua sponte consider whether to continue exercising supplemental jurisdiction over pendent state law claims. Acri v. Varian Assocs., Inc., 114 F.3d 999,

6

1000 (9th Cir. 1997)(en banc). The court sua sponte considers whether Plaintiff's state claims substantially predominate over his RESPA claims and should therefore be dismissed under 28 U.S.C. § 1367(c)(2)("section 1367(c)(2)"), which authorizes a district court to decline to exercise supplemental jurisdiction when pendent state claims "substantially predominate[] over the claim . . . over which the district court has original jurisdiction."

Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 727. "Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage - only where permitting litigation of all claims in the district court can adequately be described as allowing a federal tail to wag what is in substance a state dog." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003)(quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)). As soon as the "nature of [a plaintiff's] proofs and the relative importance of [a plaintiff's] claims" becomes apparent, the federal court need not "tolerate a litigant's effort to impose upon it what is in effect only a state law case." Gibbs 383 U.S. at 727. Further, as in any other case applying section 1367(c), "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997)(quotations and citations omitted); see also Borough of W. Mifflin, 45 F.3d at 789 (stating that "[g]iven the origin of the

7

'substantially predominate' standard, a district court's analysis under § 1367(c)(2) should track the Supreme Court's explication of that standard in Gibbs.").

Plaintiff's state law claims center on his allegations that defendants Bowden and Morris, through alleged non-disclosures and misrepresentations, improperly induced Plaintiff into purchasing a loan he could not afford. Plaintiff's state law claims, therefore, largely concern the actions of Bowden and Morris occurring prior to, at, or immediately after the closing of Plaintiff's loan transaction in January 2006. Only Plaintiff's Rosenthal Act claim, which alleges that CHL and MERS engaged in improper debt collection tactics, involves conduct occurring after the execution of Plaintiff's loan.

In contrast, Plaintiff's RESPA claim concerns his allegations that CHL failed to respond to a purported QWR which Plaintiff mailed in March 2009, and that CHL did not comply with the disclosure requirements of section 2605, which require, in pertinent part, that a loan servicer provide written notice to a borrower of "any assignment, sale or transfer of the servicing of [the borrower's] loan . . . ." 12 U.S.C. § 2605(b).[2]

Therefore, "in terms of proof" and "the scope of the issues raised" Plaintiff's state law claims substantially predominate over his RESPA allegations. Plaintiff's RESPA claim has little, if any, factual overlap with Plaintiff's state claims. The state claims will

---

[2] Section 2605(a) requires that a lender disclose to the borrower, at the time of the loan application, "whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." However, Plaintiff has not alleged that CHL was the original lender for his loan, and therefore, the requirements of Section 2605(a) appear inapplicable to Plaintiff's RESPA claim alleged against CHL.

be determined by each defendant's conduct before, at, and immediately after the closing of Plaintiff's loan; Plaintiff's federal RESPA claim will be determined by CHL's much later alleged failure to respond to Plaintiff's QWR or to provide certain notices.  Therefore, there is no "common nucleus of operative fact" between Plaintiff's RESPA claim and his allegations under state law.  Further, Plaintiff's RESPA claim is alleged only against CHL, whereas his state law claims are alleged against at least five different defendants, and will involve a broader scope of discovery.

The principle of comity also weighs in favor of dismissing Plaintiff's state law claims.  A federal court should avoid making "needless decisions of state law," and comity is promoted by giving state courts the primary responsibility for developing and applying state law.  <u>Gibbs</u>, 383 U.S. at 727.

Further, judicial economy will also be promoted by dismissing Plaintiff's state claims.  In an action related to this case, <u>Bardin v. Countrywide Home Loans Inc.</u>, 2:09-cv-01593-GEB-KJM, concerning the same property and similar allegations against many of the same defendants, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).  Since many of the state claims alleged in this action overlap with the dismissed state claims in the related case, it appears it would promote judicial economy for all of Plaintiff's state claims involving the subject property to be in the same court.

Lastly, Plaintiff's ability to litigate his state claims does not appear to be precluded by dismissal under section 1367(c)(2) since 28 U.S.C. 1367(d) discusses the statute of limitations period for dismissed state claims.

Since Plaintiff's state claims substantially predominate over his sole federal RESPA claim and principles of comity, judicial economy and fairness weigh in favor of dismissal, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under section 1367(c)(2).

### IV.  CONCLUSION

For the stated reasons, the court declines to exercise supplemental jurisdiction over Plaintiff's state claims and they are therefore dismissed from this action without prejudice.  Plaintiff's remaining RESPA claim is also dismissed under Rule 12(b)(6). Plaintiff, however, is granted leave to amend his RESPA allegations. Any amended complaint addressing Plaintiff's claims under RESPA shall be filed within fourteen (14) days of the date on which this order is filed.

Dated:  February 1, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

10